IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 3:11-cv-334 |
| Plaintiff, | ) ) | COMPLAINT |
| v. | ) ) | |
| ACCESS SERVICES, INC., | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), brings this action to compel Defendant, Access Services, Inc. ("Defendant"), to comply with a Mediation Settlement Agreement and its supplemental agreements reached between the Commission, Defendant, and the charging party, Luis Rodriguez, and to provide appropriate relief to Mr. Rodriguez. Specifically, on October 20, 2009, the Commission, Defendant, and Mr. Rodriguez entered into a Mediation Settlement Agreement to resolve EEOC Charge No. 430-2009-02521, filed by Mr. Rodriguez against Defendant. The Agreement was subsequently supplemented by mutual agreement of the parties on January 29, 2010 and January 31, 2011. The Commission alleges that Defendant breached the Mediation Settlement Agreement and its supplemental agreements when it failed to abide by the terms of the agreements, as further discussed herein.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The breach of contract alleged below was committed within the jurisdiction of the United States District Court for the Western District of North Carolina, Charlotte Division.

## PARTIES

3. Plaintiff is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3), 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the state of North Carolina and the city of Charlotte and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Luis Rodriguez filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. After receipt of Mr. Rodriguez's charge, Defendant voluntarily accepted the Commission's offer to mediate the charge allegations, pursuant to the Commission's Alternative Dispute Resolution ("ADR") program. On October 8, 2009, the Commission, Defendant and Mr. Rodriguez agreed during mediation to resolve the charge in pertinent part for payment of the sum of six thousand dollars ($6,000) in monetary relief to Mr. Rodriguez.

8. On October 20, 2009, the ADR Coordinator for the Commission's Charlotte District Office ("CTDO") signed the Mediation Settlement Agreement reflecting the agreement made during mediation. A true and correct copy of the Mediation Settlement Agreement is attached to this complaint as Exhibit A.

10. The Mediation Settlement Agreement stated that Defendant would pay Mr. Rodriguez the sum of $1,000 per month for a period of six (6) months, with the first payment to be made before November 30, 2009.

11. In January 2010, Mr. Rodriguez notified CTDO that he had not received the payments from Defendant as set forth in the Agreement. On January 11, 2010, CTDO's ADR Unit notified Defendant by letter that Defendant had breached the Mediation Settlement Agreement. On January 12, 2010, the ADR Unit received a letter from Defendant that stated Defendant was having financial difficulties. The letter requested that the parties work out a modified plan for payment of the monetary relief owed to Mr. Rodriguez.

12. On January 29, 2010, the Commission, Defendant and Mr. Rodriguez executed a supplemental agreement that provided Defendant would pay Mr. Rodriguez a minimum of five hundred dollars ($500) per month beginning February 25, 2010, until the $6,000.00 monetary settlement was paid in full. A true and correct copy of the supplemental agreement is attached to this complaint as Exhibit B.

13. During each month from February 2010 through September 2010, Defendant paid Mr. Rodriguez the sum of $500 per month, and in October 2010 Defendant paid Mr. Rodriguez the sum of $505.00, for a total of $4,505. Defendant did not make a payment to Mr. Rodriguez in November 2010.

14. On December 10, 2010, the Commission sent Defendant a letter advising Defendant that Defendant had breached the supplemental agreement. On January 31, 2011, the Commission, Defendant and Mr. Rodriguez entered into a second supplemental agreement that provided Defendant would pay Mr. Rodriguez the sum of three hundred dollars ($300) per month beginning March 25, 2011, until the remaining $1,500[1] of the $6,000 monetary settlement was paid in full. A true and correct copy of the second supplemental agreement is attached to this complaint as Exhibit C. Defendant was informed at that time that any further breach would result in the matter being forwarded for review for civil litigation to enforce the agreement. See Exhibit C.

15. On March 28, 2011, the Commission received a facsimile from Defendant stating that Defendant would not be able to make the first $300 payment as agreed in the second supplemental agreement.

16. As of the institution of this civil action, Defendant has paid a total sum of $4,505.00 in monetary relief to Mr. Rodriguez, with an outstanding balance of $1,495.00 still due and owing.

17. Defendant has breached the Mediation Settlement Agreement and each of the supplemental agreements by failing and refusing to comply with the terms thereof.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Order Defendant to perform all the duties and obligations previously agreed to under the Mediation Settlement Agreement and each supplemental agreement, and specifically to

---

[1] Although the second supplemental agreement provides for payment of $1,500.00 to Mr. Rodriguez, the parties apparently overlooked the fact that Defendant paid Mr. Rodriguez the sum of $505.00 in October 2010. The correct amount still owed by Defendant under the original Mediation Settlement Agreement is $1,495.00.

4

pay Luis Rodriguez the sum of one thousand four hundred ninety-five dollars ($1,495), along with interest as allowed by law.

      B.      Order Defendant to make whole Mr. Rodriguez by providing him compensation for any past and future pecuniary losses resulting from the breach of the Mediation Settlement Agreement and its supplemental agreements, in amounts to be determined at trial.

      C.      Order Defendant to provide the Commission written notice that it has tendered payment in full to Mr. Rodriguez.

      D.      Grant such further relief as the Court deems necessary and proper in the public interest.

      E.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this the 13th day of July, 2011.

      EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

      P. DAVID LOPEZ
      General Counsel

      JAMES L. LEE
      Deputy General Counsel

      GWENDOLYN YOUNG REAMS
      Associate General Counsel
      EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
      131 M. Street, N.E.
      Washington, D.C. 20507

      s/ Lynette A. Barnes
      LYNETTE A. BARNES (NC Bar 19732)
      Regional Attorney

KARA GIBBON HADEN (NC Bar 26192)
Supervisory Trial Attorney

s/Nicholas Walter
NICHOLAS G. WALTER (NC Bar 31849)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, NC 28202
Telephone: (704) 954-6472
Facsimile: (704) 954-6412
Email: nicholas.walter@eeoc.gov

ATTORNEYS FOR PLAINTIFF